UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| E. LYNN SCHOENMANN, Trustee for UCBH Holdings, Inc., <br><br>                Plaintiff, <br>        v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as a receiver for United Commercial and in its corporate capacity, <br><br>                Defendant. | No. C-10-3989-CRB (MEJ) <br><br> **ORDER ON SEALING PLAINTIFF'S AMENDED COMPLAINT** <br><br> **[Docket Nos. 81, 86, 87, 88, 89, 91]** |

This is a consolidated action filed by E. Lynn Schoenmann, Chapter 7 Trustee (the "Trustee") of United Commercial Bank Holdings, Inc. ("UCBH"), to recover from the Federal Deposit Insurance Corporation ("FDIC") in both its corporate and receivership capacities over $117 million in assets that were allegedly fraudulently transferred to United Commercial Bank ("UCB"). The Trustee's central claim is that federal banking regulators failed to shut down UCB when it became insolvent and instead kept it open to facilitate downstream transfers of UCBH's assets to UCB for the purpose of reducing the FDIC's losses when UCB ultimately failed. The Trustee seeks recovery of the transferred assets under the Bankruptcy Code, California Civil Code, and Federal Torts Claim Act.

On September 7, 2010, the Trustee filed its initial Complaint against the FDIC. Dkt. No. 1. On June 16, 2011, the Court entered into the record the parties' Confidentiality Stipulation and Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502 (the "Protective Order"), which the parties agreed upon to facilitate discovery. Dkt. No. 67. Subsequently, the FDIC produced Bank Regulatory Information and Confidential Bank Information (collectively referred to as "Bank Information") in response to the Trustee's request and pursuant to the Protective Order. Portions of this production were designated by the FDIC as either Confidential or Highly Confidential. On April 27, 2012, the Trustee submitted an Amended Complaint (FAC) to

the Court that disclosed privileged contents of the Bank Information. The Trustee filed an Administrative Motion under Civil Local Rule ("L.R") 79-5(d), placing the burden on the FDIC to substantiate why any part of the FAC should remain underseal. Dkt. No. 81. The FDIC responded on May 4 with a declaration (the "Holzman Declaration") in support of sealing paragraphs 13, 14, 15, 17, 18, 25, 31, 32, 35, 36, 38, 39, 41, 43-50, 75, 76, 81-84, 86, 87, 95, 96, 100-102, 104-107, 116, 117, 140, 142, 143, 158, 160-162, 166, 174, 217, and 223 of the FAC. Dkt. No. 86. The Trustee replied on May 6 to the Holzman Declaration. Dkt. No. 87. On May 9, the FDIC filed another response with a more detailed declaration addressing the Trustee's arguments. Dkt. No. 88. On the same day, the Trustee responded once again to the FDIC's filing. Dkt. No. 89. On May 25, 2012, the determination of whether portions of the FAC should be sealed was referred to the undersigned. Dkt. No. 91.

The FDIC argues that the above paragraphs are confidential and should remain under seal due to the bank examination privilege and the deliberative process privilege. The FDIC explains that communication between banks and their examiners should be protected to encourage frank and candid conversations between the two, as well as increase the quality of administrative decision-making. By protecting internal deliberations of a bank regulatory agency, the FDIC argues that information and ideas will flow more freely within the agency.[1]

The Trustee argues that the FDIC's sealing request should be denied for the following reasons: (i) the FDIC failed to meet its burden to show specific prejudice or harm that will result if the request is not granted; (ii) Ninth Circuit case law strongly favors access to court records; and (iii) the privileges that the FDIC relies upon are not applicable to the FAC.

---

[1] The bank examination privilege falls under the umbrella of the deliberative process privilege and both are often referred to interchangeably. *In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630, 633 (D.C. Cir. 1992); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149-54 (1975). Both privileges seek to protect and maintain the relatively informal and continuous supervisory relationships between banks and examiners. *In re Subpoena*, 967 F.2d at 634. These frank and forthright exchanges of communication could not be maintained if it were not confidential under the bank examination and deliberative process privilege. *Id.*

A party seeking to place documents under seal must meet the requirements of Civil L.R. 79-5 and Ninth Circuit case law. *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005). Under Civil L.R. 79-5(d), a party wishing to file a document that has been designated by another party as confidential pursuant to a protective order must file an Administrative Motion for a sealing order and lodge the document at issue with the Court. If only a portion of the document is sealable, then the submitting party must also lodge a redacted version of the document with the Court. *Id*. Within seven days thereafter, the designating party must file with the Court a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposal sealing order. *Id*. The designating party bears the burden to narrowly tailor its request and show "specific prejudice or harm" for each particular redaction that it seeks to protect. *Contratto*, 227 F.R.D. at 307; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

The FDIC did not meet these requirements with its Holzman Declaration. The Holzman Declaration consisted of mainly conclusory statements and it did not show the required "specific demonstrations of fact, supported where possible by affidavits and concrete examples." *Id.* For instance, in describing why the paragraphs at issue should be placed under seal, Holzman declares:

> The courts recognize that candor in communications between banks and examiners, as well as the examiners themselves, is essential to the effective supervision of banking institutions, and that such candor would not exist if exposed to public disclosure. The Ninth Circuit has recognized that communications within federal agencies should remain confidential because "if agencies were forced to 'operate in a fishbowl'...candid exchange of ideas within an agency would cease and the quality of decisions would suffer."

Holzman ¶ 13 (internal citations omitted). This portion of the declaration only provides the Court with the FDIC's unsubstantiated conclusion that there may be future harms. It does not explain how disclosure of the Bank Information would result in specific prejudice or harm if the selected paragraphs were not sealed. Holzman goes on to list the paragraphs that should remain under seal, which he only substantiates by including the following sentence: "This information should remain confidential and under seal pursuant to the Protective Order and Civil L.R. 79-5(d)." This does not sufficiently explain to the Court why each paragraph should remain under seal. Essentially, the FDIC only outlined what privileges would allow the Court to seal the paragraphs at issue, but did not

3

show why each individual paragraph would be harmful if disclosed.

This Court in *City of Oakland v. SSA Terminals* explained that such broad statements are not enough to show that documents should be sealed. 2012 WL 1414075, at *2 (N.D. Cal. Apr. 23, 2012). In *City of Oakland*, the defendant argued that the plaintiff should not be permitted to review certain documents because they were privileged. *Id*. at 3. This Court, citing to the local sealing rules, ordered the defendants to specifically explain why each document should not be available to the plaintiff. *Id.* However, because the defendant's declaration only contained conclusory statements, this Court denied the defendant's request. *Id*. *City of Oakland* is instructive here because its emphasizes the importance of narrowly tailoring a request and showing specifically why each document should be sealed. Similar to how the defendants in *City of Oakland* did not show specific prejudice or harm in producing documents for the plaintiff, the FDIC here does not show specific prejudice or harm for each paragraph that it believes should be placed under seal. Therefore, the FDIC has not met its burden to keep the paragraphs at issue under seal.

Even if the Court were to consider the FDIC's second declaration in support of sealing the paragraphs at issue, it does not persuade the Court to grant the FDIC's request.[2] Dkt. No. 88. First, the FDIC does not explain why the paragraphs at issue in the FAC should be sealed when the same paragraphs in the original complaint were not. In other words, some of the information that the FDIC seeks to place under seal is already fully disclosed in the Trustee's original Complaint.[3] For example, the original Complaint contains the following allegation:

> On April 20, 2009, the FDIC followed up its April 6, 2009 targeted review report with a letter to the Bank notifying it that its classification had been downgraded to a composite "3" rating and designating the bank as "troubled." The letter also restricted the Bank's issuance of debt under the Temporary Liquidity Guarantee Program.

---

[2] The FDIC never explains why it failed to include these arguments in the Holzman declaration or why the Court should consider the FDIC's second declaration.

[3] While not all of the selected paragraphs in the FAC contain the same information that was alleged in the original Complaint, the fact that some do shows that the FDIC failed to narrowly tailor their request with respect to each paragraph.

4

Dkt. No. 1 ¶ 19. An allegation in the FAC has nearly the same information:

> On April 20, 2009, the FDIC followed up its April 6, 2009 targeted review report with a letter to the Bank notifying it that its CAMELS classification had been downgraded to a composite "3" rating and designating the bank as "troubled." [167] (The reference numbers in brackets "[x]" refer to deposition exhibits or documents in this action that are the source of the factual statement preceding them. Underlined numbers "[x]" have been designated by the FDIC as "confidential" under the Protective Order entered in this action.)

FAC ¶ 13. The FDIC makes no effort to explain why the paragraph in the FAC requires sealing when the same information has already been disclosed in the original Complaint. Similarly, some of the FDIC's selected paragraphs for sealing are nearly identical, save for a single word, to those in the original Complaint. For example, the original Complaint alleges:

> On June 30, 2009, the FDIC and the CDFI issued a follow-up report to the Bank and UCBH summarizing the April 2009 targeted review results and announcing that a Cease and Desist Order would be *issued.* A letter from the Bank to the FDIC dated July 29, 2009 acknowledged the Bank's deterioration in its asset quality and concurred with the examiners' April 2009 targeted review findings.

Dkt. No. 1 ¶ 20 (emphasis added). The FAC alleges the same, except for one change:

> On June 30, 2009, the FDIC and the CDFI issued a follow-up report to the Bank and UCBH summarizing the April 2009 targeted review results and announcing that a Cease and Desist Order would be *forthcoming.* A letter from the Bank to the FDIC dated July 29, 2009 acknowledged the Bank's deterioration in its asset quality and concurred with the examiners' April 2009 targeted review findings.

FAC ¶ 15 (emphasis added). The FDIC's attempt to seal information that has already been disclosed through the Trustee's original Complaint is another reason for denying the sealing request.

Lastly, the bank examination privilege and deliberative process privilege that the FDIC invokes do not directly apply to this situation. While the bank examination privilege and deliberative process privilege both serve to protect candid and forthright communication between a bank and its regulators, this privilege does not extend to purely factual material. *In re Subpoena*, 967 F.2d at 634; *In re Bankers Trust Co.*, 61 F.3d 465, 471 (6th Cir. 1995); *Schreiber v. Soc'y for Sav. Bancorp*, 11 F.3d 217, 220 (D.C. Cir. 1993). Some of the selected paragraphs the FDIC wants sealed are largely factual by content. For example, paragraph 101 in the FAC alleges: "The next day, September 23, 2009, the FDIC staff in Washington, D.C. prepared their 'Board Case' to be presented to the FDIC board of directors authorizing the FDIC's Director, DDR, 'to accept appointment of the FDIC as receiver for the

Bank.' [131]." FAC ¶ 101. This selected paragraph, among others, merely outlines a sequence of events and contains little to no evaluative material.[4] Because the selected paragraphs are not evaluative, they are not protected by the bank examination privilege or the deliberative process privilege.[5]

In conclusion, the Court finds that the selected paragraphs should not be placed under seal for the reasons explained above. Accordingly, the FDIC's request for the selected paragraphs to remain under seal is DENIED.

**IT IS SO ORDERED.**

Dated July 3, 2012

Maria-Elena James
Chief United States Magistrate Judge

---

[4] Another example of a largely factual paragraph that the FDIC asks to be sealed alleges the following: "As demanded by the FDIC, UCBH and the Bank executed the 'Capital Maintenance Commitment and Guaranty' by board revolution dated September 24, 2009. [FDIC-ROO44683 - FDIC-R004686]." FAC ¶ 217.

[5] While some of the FDIC's selected paragraphs have factual and evaluative material intertwined within each other, the FDIC's failure to narrowly tailor their request to only include such paragraphs results in its request being denied.

6