# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| E. LYNN SCHOENMANN,<br><br>　　　　　　Plaintiff,<br>　v.<br>FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,<br><br>　　　　　　Defendants.<br>_____/ | No. C 10-3989 CRB (MEJ)<br><br>**DISCOVERY ORDER RE: DOCKET NO. 127** |

This is a consolidated action by E. Lynn Schoenmann (the "Trustee"), Chapter 7 Trustee of United Commercial Bank Holdings, Inc. ("UCBH"), to recover from the FDIC roughly $118 million in assets that were allegedly fraudulently transferred to United Commercial Bank ("UCB"). Jt. Ltr. at 2, Dkt. 127. Presently before the Court is a joint discovery dispute letter, filed April 29, 2013. Dkt. No. 127. The parties' dispute concerns a deposition notice served by Defendants on Plaintiff as Trustee pursuant to Federal Rule of Civil Procedure 30(b)(6). *Id.*, Ex. 1. The Trustee seeks a protective order precluding her, or some other representative, from being deposed. Defendants seek an order requiring the Trustee or her representative to testify pursuant to the Notice. Upon review of the parties' arguments, the Court finds that Defendants have failed to establish that Plaintiff as Trustee is the proper party to whom a 30(b)(6) notice should be directed. *See In re Kevco, Inc.*, 2003 Bankr. LEXIS 519, at *21-25 (finding that a bankruptcy trustee "is two steps removed from the witnesses with personal knowledge of the relevant facts," and is therefore an individual without personal knowledge of any of the facts at issue in the complaint). While Defendants may choose to depose Plaintiff in her individual capacity, any 30(b)(6) notice should be directed to the relevant corporate entities.

**IT IS SO ORDERED.**

Dated: May 2, 2013

_____
Maria-Elena James
United States Magistrate Judge