# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| E. LYNN SCHOENMANN, Trustee of the Bankruptcy Estate of UCBH Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for United Commercial Bank, and in its corporate capacity, <br><br> Defendant. | No. C 10-03989 CRB (MEJ) <br><br> **DISCOVERY ORDER** <br><br> Re: Dkt. Nos. 130, 133 |

## I. INTRODUCTION

On September 19, 2013, the parties in this action filed a joint discovery letter regarding a dispute over a subpoena served by the FDIC-Receiver on non-party witness Doreen Woo Ho. Dkt. No. 130. Ms. Ho has withheld documents responsive to the subpoena based on objections asserted by Plaintiff/Trustee E. Lynn Schoenmann. After reviewing the parties' joint letter and holding a telephonic conference with the parties, on October 28, 2013, the Court granted the FDIC-Receiver's request for leave to file a Motion to Compel and issued an Order setting forth a briefing schedule and hearing date on the matter. Dkt. No. 132. On November 4, 2013, the FDIC-Receiver filed its Motion to Compel (Dkt. No. 133), and on November 11, 2013, the Trustee filed her Opposition (Dkt. No. 137). The Court held a hearing on the matter on November 21, 2013. After considering the parties' arguments and controlling authorities, the Court **DENIES** the FDIC-Receiver's Motion to Compel.

## II. BACKGROUND

Plaintiff is the Chapter 7 Trustee for the bankruptcy estate of UCBH Holdings, Inc., the holding company for United Commercial Bank. Mot. at 1. On November 6, 2009, the California Department of Financial Institutions ("CDFI") closed UCB and appointed the FDIC-Receiver as

1  receiver. *Id*. From September 4, 2009, until UCB failed on November 6, 2009, Ms. Ho was the
2  acting president and CEO of both UCB and UCBH. *Id*. In September 2010, the Trustee filed the
3  instant lawsuit, asserting claims against both the FDIC-Receiver and the FDIC in its corporate
4  capacity. Dkt. No. 1.

5  The parties' current discovery dispute centers around communications between the Trustee
6  and her attorney and Ms. Ho. According to the FDIC-Receiver, the Trustee and her lawyer contacted
7  Ms. Ho about this lawsuit and, through a series of email messages, persuaded her to sign a declaration
8  that was drafted by the Trustee's lawyer. *Id.* On May 30, 2013, the FDIC-Receiver served a third-
9  party subpoena *duces tecum* on Ms. Ho, seeking in part:

> 2. Any written statement, declaration, affirmation, affidavit, certification, transcript, or other similar Document reflecting Your actual or proposed testimony in connection with any matter at issue in the Action, including without limitation all drafts of such Document.
>
> 3. All Communications between You and the Trustee or anyone acting on her behalf relating to the Action or the claims or defenses asserted in the Action.

Clarke Decl. ¶ 2, Ex. 1, Dkt. No. 134. The Trustee was provided notice of the subpoena at the time it
was issued. In response, on June 5, 2013, the Trustee served an Objection to the subpoena "to the
extent the subpoena purports to require Ms. Ho to produce documents that reflect or comprise the
work product or materials prepared in anticipation of litigation or for trial by the Trustee or her
counsel . . . ." *Id*., ¶ 4, Ex. 3.

Thereafter, on July 1, 2013, Ms. Ho served her Objections and Responses to the subpoena.
*Id.*, Ex. 4. Ms. Ho's attorney indicated that Ms. Ho was withholding from production 19 pages of
documents consisting of email communications between Ms. Ho and the Trustee or the Trustee's
lawyer that occurred between May 31 and June 25, 2012. *Id.*, Ex. 5. Thereafter, on July 31, 2013,
Ms. Ho's counsel provided the FDIC-Receiver with a privilege log describing the withheld
documents in greater detail. Clarke Decl., Ex. 8. Specifically, at issue are five email messages
between Ms. Ho and the Trustee, eight email messages between Ms. Ho and the Trustee's counsel,
and at least two drafts of a declaration sent to Ms. Ho by the Trustee's counsel. Presently, Ms. Ho

does not object to the production of the documents at issue or assert any privilege, but has withheld them to avoid waiving the Trustee's asserted privileges. *See id.*, ¶¶ 5, 6 & Exs. 4, 5; Joint Letter, Dkt. No. 130 at 3. The FDIC-Receiver now seeks an order compelling production of these documents.

### III.  DISCUSSION

#### A.  Work Product Doctrine

The parties first dispute whether the documents sought constitute work product. The work product doctrine is set forth in Rule 26(b)(3) of the Federal Rules of Civil Procedure, which protects from discovery materials containing the mental impressions, conclusions, legal opinions, or legal theories of a party's attorney. Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004). "The work product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011); *Hawker v. BancInsurance, Inc.*, 2013 WL 6843088, at *6 (E.D. Cal. Dec. 27, 2013). However, the work product doctrine creates only qualified protection of such materials: a party may only obtain discovery of these items upon a showing that they are relevant and there is a substantial need for the materials to prepare its case and the inability to obtain the materials or their substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A)(i), (ii).

Generally, "[a]n attorney's work product is the product of his effort, research and thoughts in the preparation of the client's case." *Hawker*, 2013 WL 6843088, at *6 (citing *2022 Ranch, L.L.C. v. Superior Court*, 113 Cal. App. 4th 1377, 1389 (2003)). This "includes the results of his own work, and the work of those employed by him or for him by his client, in investigating both the favorable and unfavorable aspects of the case, the information thus assembled, and the legal theories and plan of strategy developed by the attorney – all as reflected in interviews, statements, memoranda, correspondence, briefs, and any other writings reflecting the attorney's 'impressions, conclusions, opinions, or legal research or theories,' and in countless other tangible and intangible ways." *2022 Ranch, L.L.C.*, 113 Cal. App. 4th at 1389. The party asserting work-product protection over material bears the burden of establishing the applicability of the doctrine. *Skynet Elec. Co. v. Flextronics Int'l, Ltd.*, 2013 WL 6623874, at *2 (N.D. Cal. Dec. 16, 2013).

1  According to the Trustee, any declarations Ms. Ho may have provided and any information "extracted from Ms. Ho and her counsel" during the communications at issue are the work product of the Trustee and her counsel. Opp. at 9. The FDIC-Receiver, however, contends that the Court should overrule the Trustee's work product objection on three grounds. First, the FDIC-Receiver argues that "[w]hen they elected to communicate with a third-party witness, and to document those communications in emails and drafts of a declaration that were sent to that witness, the Trustee and her lawyer waived any work product protection that they might have claimed with respect to the content of those communications." Mot. at 7. Second, it argues that "because the undisputed purpose of those communications was to persuade Ms. Ho to provide a sworn statement for use in this action and to discuss what such a sworn statement might say, Rule 612 of the Federal Rules of Evidence permits discovery of the documents and 'any privilege or work product protection . . . is deemed waived." *Id*. (citing *United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 25 (N.D. Cal. 1985); *Simmons v. Morgan Stanley Smith Barney, LLC*, 2013 WL 879820, at *2 (S. D. Cal. Mar. 8, 2013); *Mattel, Inc. v. MGA Entm't, Inc.*, 2010 WL 3705782, at *5-6 (C.D. Cal. Aug. 3, 2010)). Third, the FDIC-Receiver argues that even if the work product doctrine applied, it "must give way based on defendants' 'substantial need' for the materials to prepare their case." Mot. at 7-8. Specifically, it argues that the documents must be produced because it is entitled to test Ms. Ho's credibility based on the Trustee's communications with her and the drafts of the declaration that the Trustee's lawyer prepared and provided to her. *Id*. at 8.

With respect to the email communications between Ms. Ho and the Trustee and Ms. Ho and the Trustee's attorney, as well as the draft declarations attached and exchanged during those such communications, the Court finds that these materials constitute work product and are protected from disclosure. *See Inst. for Dev. of Earth Awareness v. PETA*, 272 F.R.D. 124, 125 (S.D.N.Y. 2011) (finding that draft affidavits of non-party witnesses prepared by defense counsel were work product and denying the plaintiff's motion to compel production of the drafts); *In re Convergent Tech. Second Half 1984 Sec. Litig.*, 122 F.R.D. 555, 559-64 (N.D. Cal. 1988); *Tuttle v. Tyco Eelc. Installation Servs., Inc.*, 207 WL 4561530, at *2 (S.D. Ohio Dec. 21, 2007) ("[T]he work product doctrine does

protect information relevant to the evolution of an affidavit, including but not limited to communications with counsel relating to the affidavit, prior drafts of the affidavit, and any notes made by counsel while engaging in the process of drafting the affidavit."); *Randleman v. Fidelity Nat'l Title Ins. Co.*, 251 F.R.D. 281, 285 (N.D. Ohio 2008) (finding draft affidavits and counsel correspondence are protected work product); *see also* William W. Schwarzer, *et al*, *Federal Civil Procedure Before Trial* ¶ 11:918.1 (Rutter Group, 2013); Wright & Miller, Federal Practice & Procedure § 2024 n. 24 ("Recent cases have generally held that draft affidavits, and communications with counsel relating to affidavits, are covered by the work-product rule.")  Likewise, as to the any declaration signed by Ms. Ho, the Court agrees with the Trustee that the document is work product. *See Intel Corp v. VIA Tech., Inc.*, 204 F.R.D. 450, 452 (N.D. Cal. 2001) (finding declaration of non-party was "clearly work product right up until the moment it was filed.").

None of the FDIC-Receiver's arguments set forth above are sufficient to overcome this protection.  The Court is unpersuaded by the FDIC-Receiver's argument that by communicating with Ms. Ho, the Trustee and her counsel somehow took steps amounting to a knowing and voluntary waiver of such protection.  *See In re Convergent Tech. Second Half 1984 Sec. Litig.*, 122 F.R.D. at 565; *Skynet Elec. Co.*, 2013 WL 6623874, at *3.  The Trustee's argument regarding Federal Rule of Evidence 612 is also unavailing.  As the Trustee points out, Ms. Ho is not using a writing to refresh her memory.  Rule 612 is inapplicable in this instance and none of the decisions the FDIC-Receiver have cited in support of its argument establish otherwise.  Finally, the FDIC-Receiver has not demonstrated a substantial need sufficient to vitiate the protection afforded to the materials as work product.  The Trustee identified Ms. Ho in her initial disclosures and the FDIC-Receiver had the opportunity to depose Ms. Ho to invstigate any relevant information she may possess with respect to the Trustee's claims or its defenses.  Its decision not to pursue such discovery does not create substantial need under Rule 26(b)(3)(A)(ii).

In sum, the Court finds that the email messages between Ms. Ho, the Trustee, and the Trustee's attorney, the declaration drafts exhanged, and the signed declaration are protected work product.  The Court therefore **DENIES** the FDIC-Receiver's Motion to Compel production of such

5

materials.

## B.     Attorney-Client Privilege

The parties next dispute whether the materials are protected by attorney-client privilege. The FDIC-Receiver argues that the Trustee did not assert that the withheld documents were subject to attorney-client privilege until she responded to the FDIC-Receiver's first draft of the joint discovery letter. Mot. at 8. It points out that the Trustee neither asserted attorney-client privilege in her written objection to the subpoena or at the parties' August 2013 conference about the subpoena. *Id*. It thus argues that the Trustee's delay in asserting an objection based on attorney-client privilege amounts to a waiver. *Id*.

Even if the privilege was not waived, the FDIC-Receiver contends that it is inapplicable. *Id*. It argues that the privilege only covers confidential disclosures by a client to an attorney to obtain legal advice and the attorney's response to such disclosures, but does not protect information that an attorney obtains from a witness while acting for his client in anticipation of litigation. *Id*. (citing *Hickman v. Taylor*, 329 U.S. 495, 508 (1947); *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992)). The FDIC-Receiver contends that here, Ms. Ho was not a client of the Trustee or the Trustee's lawyer and she was not communicating with either to obtain legal advice. Instead, the subject of the communications was to obtain Ms. Ho's sworn statement and to craft what that statement would say. *Id*. at 9.

Finally, the FDIC-Receiver contends that "[e]ven if the Trustee could cloak her communications with Ms. Ho in the veil of UCBH's privilege based on Ms. Ho's prior employment (which she cannot do), the privilege could not be used to withhold materials from the FDIC-Receiver . . . [because] Ms. Ho was the chief executive officer of *both* the Bank and its holding company during the relevant period." *Id*. The FDIC-Receiver thus asserts that it has an equal claim to any attorney-client privilege and the Trustee cannot assert that privilege to the exclusion of the FDIC-Receiver.

In response, the Trustee argues that she timely asserted an objection to Ms. Ho's production of the materials based on attorney-client privilege. Opp. at 7. The Trustee further contends that, as a

6

former employee of UCBH, she and her attorney's communications with Ms. Ho are privileged. *Id*. She argues that whether Ms. Ho was seeking legal advice is irrelevant because "[t]he Trustee's counsel was obtaining relevant information from her as a former UCBH officer to advise and represent the Trustee in this litigation." *Id*.

With respect to whether the Trustee waived an objection based on attorney-client privilege, the Court agrees with the Trustee that both Ms. Ho and the Trustee timely asserted such objection. *See* Clarke Decl., Ex. 4 (Ho Objection) at 3, ¶ 2; Ex. 5 at 18. Nevertheless, the Court finds that the privilege does not apply in this scenario. As the FDIC-Receiver points out, Ms. Ho was not communicating with the Trustee and her counsel to obtain legal advice and was not a client of the Trustee's counsel. The Court therefore overrules the Trustee's objection on this basis.

**C.     Request to Preclude Inquiry into the Communications between Ms. Ho and the Trustee and Her Attorney**

In her Opposition, the Trustee requests that the Court preclude the FDIC-Receiver from inquiring into the fact or subject-matter of Ms. Ho's communications with the Trustee and her counsel. Opp. at 11. The Trustee also charges that the FDIC has engaged in improper *ex parte* communications with Ms. Ho and obtained privileged information about communications with Ms. Ho and the documents she is withholding. *Id*. The FDIC-Receiver counters that "[t]here is no justification for such a 'gag order,' which would shield a potentially adverse witness from cross-examination into a source of potential bias." Mot. at 11.

The Court has considered the parties' arguments and agrees with the Trustee that to uphold the protections afforded by the work-product document as to the withheld materials, the FDIC-Receiver is precluded from questioning Ms. Ho regarding the communications she had with the Trustee and the Trustee's counsel. This does not, however, preclude the FDIC-Receiver discovering any of the underlying factual information Ms. Ho may possess that she provided to the Trustee or her attorney.

/ / /

/ / /

7

Accordingly, the Court **GRANTS** the Trustee's request in part and **DENIES** it in part.

### IV.  CONCLUSION

For the reasons set forth above, the Court **DENIES** the FDIC-Receiver's Motion to Compel.

**IT IS SO ORDERED.**

Dated: January 6, 2014

_____
Maria-Elena James
United States Magistrate Judge