United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

E. LYNN SCHOENMANN,

Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,

Defendants.

Case No. 10-cv-03989-CRB (MEJ)

**DISCOVERY ORDER**

Re: Dkt. No. 141

On November 26, 2013, Plaintiff/Chapter 7 Trustee E. Lynn Schoenmann and Defendants FDIC-Receiver and FDIC-Corporate filed a joint letter detailing a discovery dispute over a notice of deposition and subpoena to take the Rule 30(b)(6) deposition of "The Bankruptcy Estate of UCBH Holdings, Inc." Jnt. Ltr., Dkt. No. 141. Defendants request that the Court compel the UCBH bankruptcy estate to make a witness available for a deposition in which the witness shall be prepared to testify on the topics set forth in the Rule 30(b)(6) notice. *Id*. at 3. The Trustee opposes the request and seeks a protective order precluding the deposition and quashing the subpoena. *Id*. at 5. Particularly, the Trustee argues that the Defendants are essentially seeking to have the Court reconsider its May 2, 2013 ruling that the Trustee is not a proper party to whom a 30(b)(6) notice should be directed by 30(b)(6). *Id*. at 3-4. While Defendants do state that they disagree with the Court's prior ruling, as Defendants point out, the instant dispute differs from the one the Court previously addressed, in that, Defendants' 30(b)(6) notice is now directed at the UCBH bankruptcy estate. *Id*. at 2. Thus, the Court's ruling that the Trustee is not the proper target of a 30(b)(6) deposition notice stands.

The parties' instant dispute concerns whether the UCBH bankruptcy estate is a proper party for a 30(b)(6) deposition notice. Defendants argue that the Amended Complaint establishes that

the UCBH bankruptcy estate is an entity that is the real party in interest as plaintiff. *Id.* at 2 (citing Am. Compl. ¶¶ 1, 268-79, 284-85, 320-23.) Defendants assert that, "[i]f the Trustee cannot be deposed under Rule 30(b)(6) because she is not an 'entity,' then the estate on whose behalf she is suing certainly can be." *Id.* at 2-3.

The Trustee, however, contends that the bankruptcy estate "is not a 'relevant corporate entity' subject to a 30(b)(6) deposition any more than the Trustee was one . . . [i]t is simply a collection of property interests." *Id.* at 4 (citing 11 U.S.C. § 541). The Trustee further argues that the estate is not a party to this lawsuit; "[r]ather it is the Trustee, who is herself obviously just a 'person.'" *Id.* (citing 11 U.S.C. § 701).

After carefully considering the parties' arguments and reviewing their cited authorities, the Court agrees with Defendants that the Bankruptcy Estate of UCBH Holdings, Inc. may be the proper entity for a 30(b)(6) notice. The Trustee, as representative for the Bankruptcy Estate, must designate one or more persons to testify about information known or reasonably available to the Estate no later than February 3, 2014.

**IT IS SO ORDERED.**

Dated: January 23, 2014

MARIA-ELENA JAMES
United States Magistrate Judge